E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
CORY L. BURLESON (Cal. Bar No. 322239)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6945
     Facsimile: (951) 276-6202
     Email:    Cory.Burleson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 2:23-cr-00646-MEMF |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ADOLFO HERNANDEZ SANCHEZ |
| v. | |
| ADOLFO HERNANDEZ SANCHEZ, | |
| Defendant. | |

1.   This constitutes the plea agreement between ADOLFO HERNANDEZ SANCHEZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of defendant's application for a United States' passport in another person's name.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   Give up the right to indictment by a grand jury and,

at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Possession of Identification Document to Defraud the United States, in violation of 18 U.S.C. §§ 1028(a)(4), (b)(6).

  b. Not contest facts agreed to in this agreement.

  c. Abide by all agreements regarding sentencing contained in this agreement.

  d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

  e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

  f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

  g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

  a. Not contest facts agreed to in this agreement.

  b. Abide by all agreements regarding sentencing contained in this agreement.

  c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to

and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

        d.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 1542 (false statement in passport application) or 18 U.S.C. § 1028A (aggravated identity theft) arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 9 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in the information, that is, Possession of Identification Document to Defraud the United States, in violation of 18 U.S.C. §§ 1028(a)(4), (b)(6), the following must be true: (1) defendant knowingly possessed an identification document; and (2) defendant intended the identification document to be used to defraud the United States.  Identification document means a document made or issued by or under the authority of the United States

Government or a State which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title, United States Code, Sections 1028(a)(4), (b)(6), is: one year of imprisonment; a one-year period of supervised release; a fine of $100,000; and a mandatory special assessment of $25.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a

professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

8.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

9.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the

1  underlying criminal conduct or all facts known to either party that
2  relate to that conduct.
3      On or about April 17, 2019, in Los Angeles County, withing the
4  Central District of California, defendant knowingly possessed a
5  California birth certificate and a California driver's license in
6  another person's name.  Specifically, defendant knowingly possessed a
7  California birth certificate with the name of A.I. and a California
8  driver's license with defendant's photograph but with the name of
9  A.I.  The California birth certificate and California driver's
10 license that defendant possessed are identification documents made or
11 issued by or under the authority of the United States Government or a
12 State that are intended or commonly accepted for the purpose of
13 identification of individuals.
14     Defendant possessed the California birth certificate and
15 California driver's license in the name of A.I. with the intent to
16 defraud the United States.  Specifically, defendant presented the
17 California birth certificate and California driver's license in the
18 name of A.I. in connection with an application for a United States
19 Passport, seeking to obtain a United States Passport in the name of
20 A.I.
21                          SENTENCING FACTORS
22     10.  Defendant understands that in determining defendant's
23 sentence the Court is required to calculate the applicable Sentencing
24 Guidelines range and to consider that range, possible departures
25 under the Sentencing Guidelines, and the other sentencing factors set
26 forth in 18 U.S.C. § 3553(a).  Defendant understands that the
27 Sentencing Guidelines are advisory only, that defendant cannot have
28 any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

   Base Offense Level:              8           U.S.S.G. § 2L2.2(a)

Defendant and the USAO reserve the right to argue that specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

12.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.  Defendant understands that by pleading guilty, defendant gives up the following rights:

   a.   The right to persist in a plea of not guilty.

   b.   The right to a speedy and public trial by jury.

   c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d.   The right to be presumed innocent and to have the

burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

  e. The right to confront and cross-examine witnesses against defendant.

  f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

  g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

  h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

15.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was/ involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within the statutory maximum stated above, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine

and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

17. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 1 month of imprisonment, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

18. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute

of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

19. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

20. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

21. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

      a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

      b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

      c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

22.    Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

25.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

12

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

26. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

/s/ CORY L. BURLESON                                 12/7/2023
CORY L. BURLESON                                     Date
Assistant United States Attorney

/s/ ADOLFO HERNANDEZ Sanchez                         12-6-2023
ADOLFO HERNANDEZ SANCHEZ                             Date
Defendant

/s/ Jessaka Menzie                                   12-6-2023
JESSAKA MENZIE                                       Date
Attorney for Defendant
ADOLFO HERNANDEZ SANCHEZ

CERTIFICATION OF DEFENDANT

**TO DEFENDANT AND COUNSEL: INITIAL THE TRUE STATEMENT AND CROSS OUT THE OTHER:**

1. This agreement has been read to me in Spanish, the language I understand best. Defendant's initials: _____ / Counsel's initials: _____ **OR:**

2. I am fluent in English and have carefully read this agreement. Defendant's initials: AH / Counsel's initials: JM

I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with

13

my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*Adolfo Hernandez Sanchez.*   12-6-2023.
ADOLFO HERNANDEZ SANCHEZ          Date
Defendant

[NOTE: ADD THIS ADDITIONAL CERTIFICATION IF DEFENDANT DOES NOT SPEAK ENGLISH FLUENTLY.]

CERTIFICATION OF INTERPRETER

I, _____, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant ADOLFO HERNANDEZ SANCHEZ on this date.

_____          _____
INTERPRETER                      Date

14

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ADOLFO HERNANDEZ SANCHEZ's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____  12-6-2023
JESSAKA MENZIE             Date
Attorney for Defendant
ADOLFO HERNANDEZ SANCHEZ

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. §§ 1028(a)(4), (b)(6): Possession of Identification Document to Defraud the United States] |
| ADOLFO HERNANDEZ SANCHEZ, | |
| Defendant. | **[CLASS A MISDEMEANOR]** |

The United States Attorney charges:

[18 U.S.C. §§ 1028(a)(4), (b)(6)]

On or about April 17, 2019, in Los Angeles County, within the Central District of California, defendant ADOLFO HERNANDEZ SANCHEZ knowingly possessed an identification document, namely a California

///

///

birth certificate with the name of A.I. and a California driver's license with defendant ADOLFO HERNANDEZ SANCHEZ's photograph but with the name of A.I., with the intent that the identification document would be used to defraud the United States.

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

CORY L. BURLESON
Assistant United States Attorney
Riverside Branch Office